UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Aleksandr Grichishkin,

        Petitioner,          Case Number: 23-11865
                                      Hon. Nancy G. Edmunds

v.

Eric Rardin,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

Aleksandr Grichishkin was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Milan, Michigan when he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Grichishkin challenged the BOP's determination that he is categorically ineligible to earn good time credits under the First Step Act. For the reasons set forth below, the Court dismisses the petition.

### I. Background

In March 2021, Grichishkin pleaded guilty to conspiracy to engage in a racketeer influenced corrupt organization, 18 U.S.C. § 1962(d). *See United States v. Grichishkin*, No. 2:19-cr-20478 (Plea Agreement, ECF No. 61, PageID.241). On October 14, 2021, the Court sentenced Grichishkin to 60 months in prison. *See id.* (Judgment in a Criminal Case, ECF No. 116, PageID.1410).

On August 2, 2023, Grichishkin filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241. He maintains that the BOP improperly denied him FSA credits earned prior to entry of a final order of removal. He seeks immediate release.

Respondent argues that the petition should be denied because he is not entitled to FSA credits and, alternatively, that the petition should be dismissed because Grichishkin failed to exhaust his administrative remedies.

Grichishkin has been released from BOP custody.[1]

## II.  Discussion

The petition for writ of habeas corpus will be dismissed because Grichishkin's release from BOP custody moots his claim.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This requirement means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  If an event occurs after the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal.  *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004).  A claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party

---

[1] *See* https://www.bop.gov/inmateloc/. This Court may take judicial notice of the BOP's inmate locator.  *See Marshek v. Eichenlaub*, 266 F. App'x 392 (6th Cir. 2008).

2

seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotations omitted).

Grichishkin has now been released from the custody of the BOP. Because Grichishkin has been granted the relief sought, the habeas petition will be dismissed as moot. *Accord Inniss v. Hemingway*, 657 F. Supp. 3d 986, 989 (E.D. Mich. 2023).

### III. Conclusion

For the reasons set forth, the Petition (ECF No. 1) is DISMISSED AS MOOT.

The Court GRANTS Petitioner leave to appeal *in forma pauperis* since any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court DENIES AS MOOT Petitioner's motions for expeditious consideration (ECF Nos. 4, 9).

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2024